IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>       Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MATTHEW JAMES WRIGHT,  )<br>  )<br>       Defendant.  )<br>_____ ) | Case No. CR-06-90-E-BLW<br><br>**SENTENCING MEMORANDUM** |

## INTRODUCTION

Defendant was charged in a four-count Indictment with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1), possession of a stolen firearm in violation of 18 U.S.C. § 922(j), possession with intent to distribute/distribute a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and use of a firearm in furtherance of a drug offense in violation of 18 U.S.C. § 924(c). He subsequently pled guilty, pursuant to a plea agreement, to possession of a firearm by a prohibited person (the "§ 922 charge") and use of a firearm in furtherance of a drug trafficking offense (the "§ 924(c) charge").

The initial draft of the Presentence Report recommended an offense level of

**Sentencing Memorandum - 1**

16 consisting of a base offense level of 14 and a 2-level enhancement for obstruction of justice with no reduction for acceptance of responsibility on the § 922 charge.  With a criminal history category of VI, the guideline range was 46 to 57 months.[1]  However, in researching Defendant's objections, the Probation Officer subsequently discovered what she believed to be an error in the guideline calculations.  The Probation Officer then revised the Presentence Report to reflect application of a cross reference that increased the offense level by ten levels to the statutory maximum of 120 months on the § 922 charge.[2]  *See Addendum*, ¶ 1.

Defendant then objected to ¶ 18 of the revised Presentence Report which recommended the application of the cross reference noted at § 2K2.1(c)(1)(A).  *Defendant's Objection to Revised Presentence Report* (Docket No. 21).  Defendant contended that the application of the cross reference "grossly overstates an appropriate penalty and works a double counting of offense conduct." *Id.* at 2.  The Probation Officer, however, determined that the guidelines and cross reference were appropriately applied and made no changes to the revised Presentence Report.

---

[1] The § 924(c) charge requires a mandatory minimum sentence of 60 months to run consecutively to the sentence imposed on the § 922 charge.

[2] Defendant had objected to the recommended enhancement for obstruction of justice and the determination that he was not entitled to acceptance of responsibility.  Those issues will not be discussed in this Sentencing Memorandum.  At sentencing, the Court found that the enhancement for obstruction of justice was not warranted and that Defendant was entitled to a reduction for acceptance of responsibility.

**Sentencing Memorandum - 2**

*See Second and Third Addenda.*

After hearing extensive argument at sentencing, the Court determined that the base offense level was 14, found no grounds for the obstruction of justice enhancement, granted the Government's motion for the third level reduction for acceptance of responsibility (which was moot given that the offense level was under 16), granted the Government's § 5K1.1 motion for a 2-level departure for substantial assistance, and determined the sentencing range to be 30 – 37 months. Nevertheless, after reviewing the 18 U.S.C. § 3553(a) factors, the Court determined that grounds existed for imposing a sentence above the guideline range and sentenced Defendant to 120 months consisting of 60 months on the § 922 charge and 60 months on the § 924(c) charge to be served consecutively.

## GUIDELINE CALCULATIONS

In imposing sentence, the Court calculated the offense level as if the only count of conviction were the § 922 charge. Once that was determined, the Court then addressed the impact of the § 924 charge.

### A. § 922 Charge

The applicable guideline for a violation of 18 U.S.C. § 922(g)(1) is § 2K2.1. Within that guideline, the relevant subsection is § 2K2.1(a)(6)(A) which provides for a base offense level of 14 because Defendant was a prohibited person at the

**Sentencing Memorandum - 3**

time he committed the instant offense (possession of a firearm).  From there, the Court considered the applicability of the special offense characteristic of (b)(6)[3] which would add 4 levels to the base offense level of 14 if the firearm was used in connection with another offense,  and the cross reference at (c)(1)(A)[4] which would require the use of a base offense level of 24, rather than 14, if the firearm us used in connection with the commission of another offense.

The Court looked to *United States v. Myers*, 112 F.3d 406 (9th Cir. 1997) for guidance in determining the applicability of (b)(6) and (c)(1)(A).  In *Myers*, the defendant pled guilty only to a § 922 charge and acknowledged drug trafficking in the factual basis of the plea agreement.  Recognizing that the operative language regarding use or possession of a firearm in the two subsections differed, the Ninth Circuit directed that a district court must determine:

> . . . first , under Section 2K2.1(b)(5) [now (b)(6)], whether [defendant] "used or possessed any firearm or ammunition *in connection with another felony offense*; . . . and, second, following that finding it must separately address under Section 2K2.1(c)(1)(A) whether

---

[3] In the current version of the guidelines, § 2K2.1(b)(6) sets forth the enhancement that was previously set forth under § 2K2.1(b)(5).  Any case law discussed will refer to § 2K2.1(b)(5) but shall be understood to refer to the current § 2K2.1(b)(6).

[4] The cross reference refers to § 2X1.1 which in turn provides in relevant part that if the defendant used or possessed a firearm in connection with the commission of another offense, the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty, should be applied. § 2X1.1(a).  The relevant cross reference here is to § 2D1.1.

**Sentencing Memorandum - 4**

> [defendant] "used or possessed any firearm or ammunition *in connection with the commission or attempted commission of another offense* . . . ." (citations omitted) (emphasis added).

*Myers*, 112 F.3d at 410.

*Myers* further instructed that the district court must determine the nexus between the unlawful *possession* of a firearm and the drug trafficking. *Id.* The (b)(5) enhancement is applicable when the firearm has facilitated or had an "emboldening role" in a defendant's "felonious conduct." *Id.* at 411 (citing *United States v. Collins*, 90 F.3d 1420, 1430 (9th Cir. 1996) (quoting *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994)). On the other hand, the (c)(1)(A) cross reference is applicable when the firearm is actually used in the commission of another offense. *Id.* (citing *United States v. Humphries*, 961 F.2d 1421 (9th Cir. 1992) (per curiam) (upholding cross reference to aggravated assault guideline where defendant pointed handgun at victim and fired it next to his head during an argument)).

In applying the directives of *Myers*, the Court considered the facts that were either admitted in the factual basis of the Plea Agreement or those that were undisputed in the Presentence Report. In the Plea Agreement, Defendant admitted, as relevant to the drug trafficking offense, that he possessed a firearm "during and in relation to the crime" set forth in the § 924(c) count, that he intended to

**Sentencing Memorandum - 5**

distribute at least some of the methamphetamine in his possession at the time of his arrest, and that he needed the firearm for protection. *Plea Agreement* at 2-3. The undisputed facts in the Presentence Report are that Defendant picked up some methamphetamine, most of which he intended to use himself, but some of which he intended to sell for spending money; that he took the firearm from another individual in return for a drug debt; that he had obtained the firearm approximately 9 days before his arrest; and that he had the gun to protect his drugs, his money, and himself since he was in the drug business. *Presentence Report*, ¶ 8. The firearm was located under the driver's seat of Defendant's vehicle. *Presentence Report*, ¶ 6. The magazine of the firearm, a semi-automatic pistol, contained approximately 10 rounds of ammunition. *Presentence Report*, ¶ 7.

    **1.**    **§ 2K2.1(b)(6)**

In determining whether the firearm was possessed *in connection with another felony offense* under this section, the Court considered that the firearm would have facilitated Defendant's drug trafficking activity at least as to any transactions after receipt of the firearm. Indeed, Defendant had a loaded weapon under the driver's seat for the stated purpose of protecting his drugs, money, and himself. Were the § 922 charge the sole charge to which Defendant pled guilty, this 4-level enhancement would have been applicable.

**Sentencing Memorandum - 6**

2.      § 2K2.1(c)(1)(A)

Pursuant to *Myers*, the Court was required to next look at whether the firearm was used or possessed *in connection with the commission of another offense*. The Court found that trading drugs for a firearm was a use in connection with the commission of the drug trafficking offense. In other words, the firearm was the consideration for the purchase of the drugs, and as such, it was an integral part of the offense. *See United States v. Ramirez-Rangel*, 103 F.3d 1501, 1506 (9th Cir. 1997) (bartering of a firearm for drugs constitutes "use" in relation to a drug trafficking crime under 924(c)(1) (citing *Smith v. United States*, 508 U.S. 223, 225-27 (1993)). Therefore, the Court determined that the cross reference rather than the (b)(6) enhancement should be applied if the § 922 charge was the only charge.

B.      **Impact of § 924(c) Charge**

The Court then turned to the question of whether the § 924(c) charge impacted the Court's conclusion as to the applicability of the (b)(6) enhancement and the (c)(1)(A) cross reference. The applicable guideline for a violation of 18 U.S.C. § 924(c) is § 2K2.4. That guideline provides that the guideline sentence is the minimum term of imprisonment required by statute which in this case is 5 years. A review of the application notes indicates that if a sentence under § 2K2.4 is imposed in conjunction with a sentence for an underlying offense, no special

**Sentencing Memorandum - 7**

offense characteristic for possession under the guideline for the underlying offense should be applied. § 2K2.4, comment. (n.4). Accordingly, even though the Court found above that § 2K2.1(b)(6) would be applicable here if § 922 were the only charge (and if the cross reference did not apply), the Court would be precluded from applying its 4-level enhancement given that Defendant is also being sentenced on the § 924 charge. Thus, the presence of the § 924 charge precludes the application of the 4-level enhancement provided for in § 2K2.1(b)(6), and the relevant base offense level would remain a 14.

As state above, however, the Court determined that the cross reference, rather than the (b)(6) enhancement, applied to Defendant's conduct. Therefore, the Court calculated the base offense level under the drug guideline pursuant to the cross reference and confirmed the Probation Officer's calculation of 24. Nevertheless, the Court determined that application of the cross reference, which resulted in a 10-level increase in the base offense level, along with the mandatory consecutive sentence dictated by 18 U.S.C. § 924(c) and Guideline § 2K2.4, would amount to impermissible double counting.  Simply stated, the enhancing effect of the cross reference is created by the defendant's possession of the firearm in connection with the commission of a drug offense.  The very same conduct – possessing a firearm in connection with the commission of a drug offense – gives

**Sentencing Memorandum - 8**

rise to the five-year mandatory consecutive sentence under the § 924(c) charge. Therefore, the Court concluded that the enhancing effect of the cross reference should not be applied and that the base offense level should therefore be set at 14.

The Court's determination that application of the cross reference would result in double counting is illustrated by the following example: In Scenario A, if a defendant had only possessed a firearm which he had used in *connection* with a drug trafficking offense, his sentence would be enhanced by 4 levels under (b)(6). In Scenario B, if he had used it in *connection with the commission* of a drug trafficking offense, the decision in *Myers* dictates that the (c)(1)(A) cross reference be applied and the base offense level adopted from the drug guidelines. In this manner, the cross reference itself operates as a ten-level enhancement. Stated another way, the enhancement in Scenario A is (b)(6), and the enhancement in Scenario B is the use of the cross reference to the drug offense guidelines.

However, the guidelines instruct that if there is also a § 924(c) conviction, the four-level enhancement in Scenario A (§ 2K2.1(b)(6)) would not be applied. The guidelines are silent as to whether, in Scenario B (using the cross reference to the drug guidelines), the cross reference enhancement would be applied. However, the logic of the guidelines, in not imposing an enhancement under § 2K2.1(b)(6), would apply with equal force to the cross reference enhancement

**Sentencing Memorandum - 9**

created by § 2K2.1(c)(1)(A).  Applying the cross reference where there is also a § 924(c) charge is just as much double counting as applying the (b)(6) enhancement where there is a § 924(c) charge.

The Court is uncertain as to whether the failure of the guidelines to address the double counting effect of applying both the cross reference and the § 924(c) mandatory minimum consecutive sentence, where it did address the same issue in the context of the (b)(6) enhancement, was intentional or an oversight.  The Court is inclined to think it is the latter.  The Sentencing Commission can not anticipate every possible scenario created by the ingenuity of counsel in crafting a plea agreement.  Indeed, it is an oddity for a defendant to plead to being a felon in possession of a firearm and to the possession of a firearm in connection with a drug offense.  In any event, the Court finds that precluding the 4-level (b)(6) enhancement, but not precluding the 10-level cross reference enhancement under (c)(1)A), creates a logical inconsistency which cannot be explained – and thus an ambiguity in the application of the guidelines.  Applying principles of lenity, the Court will resolve this ambiguity in the Defendant's favor.  *See United States v. Ramirez*, 347 F.3d 792, 799-800 (9th Cir.2003) (holding in sentencing guidelines context that "the rule of lenity requires that we construe ambiguous terms in favor of the accused").

The Court would also note, however, that even if it had determined that the cross reference should be used, it would have still applied the 18 U.S.C. § 3553(a) sentencing factors in the same way and arrived at the same sentence.  However, rather than sentence above the guideline range calculated without the cross reference, it would have sentenced below the guideline range calculated with the cross reference.

## CONCLUSION

The Court determined that the cross reference should not be applied in light of the § 924 conviction.  However, after considering the § 3553(a) factors, the Court found that a sentence of 120 months, consisting of 60 months on the § 922 charge and 60 months on the § 924 charge, to be served consecutively, was a

reasonable sentence given Defendant's underlying conduct with respect to the firearms.



DATED: **January 17, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Sentencing Memorandum - 12**